**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| **MANASSEH ROYDREGO SKINNER,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| **VS.** : | |
| : | **NO. 1:13-CV-0165-WLS-TQL** |
| **SHERIFF KEVIN SPROUL, et. al.,** : | |
| : | |
| **Defendants.** : | |

## ORDER & RECOMMENDATION

Plaintiff **MANASSEH ROYDREGO SKINNER**, a pre-trial detainee currently confined at the Dougherty County Jail in Albany, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 and seeks leave to proceed without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on Plaintiff's submissions, the Court finds that Plaintiff is presently unable to pre-pay any portion of the filing fee. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is thus **GRANTED**, and the initial partial filing fee required by 28 U.S.C. §1915(b)(1) will be waived.[1] The filing fee is not entirely waived, however; Plaintiff is still obligated to pay the full filing fee, as is directed later in this Order. The Clerk is therefore **DIRECTED** to send a copy of this Order & Recommendation to the business manager of the Dougherty County Jail.

The Court has now also reviewed Plaintiff's Complaint (Doc. 1) as required by 28 U.S.C. §1915A(a) and **RECOMMENDS** that Plaintiff's claims against Lieutenant Montgerald, and all

---

[1] A review of court records on the U.S. District Web PACER Docket Report reveals that Plaintiff presently has one strike for the purposes of 28 U.S.C. § 1915(g).

claims against all Defendants in their "official capacities" be **DISMISSED without prejudice**, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim.  All other claims may go forward.  Plaintiff's pending "Motion for the Appointment of Counsel" (Doc. 3) is **DENIED**.

## STANDARD OF REVIEW

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true.  Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).  *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will be "liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).  A *pro se* prisoner's pleading is, nonetheless, subject to dismissal prior to service if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, fails to state a claim upon which relief may be granted.  See 28 U.S.C. §1915A(b)(1).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555.  "Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts which create "a reasonable expectation" that discovery will reveal the evidence necessary to prove a claim. Twombly, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

This action arises out of an alleged use of excessive force by officers at the Dougherty County Jail.   Plaintiff alleges that Officers Ford, Cody, Stone, Apperson, Christian and Bankston attacked and assaulted him.   The Complaint states that Defendants twisted Plaintiff's arm, grabbed him by the hair, and slammed him face down onto the ground.   One officer then allegedly dropped his knee on Plaintiff's back while others choked Plaintiff and smashed his face onto the concrete floor.   According to Plaintiff, Captain Haysleigh and Corporal Wilson were in a position to intervene but failed to do so.   Plaintiff also seeks to hold supervisory officials – Sheriff Sproul, Major Lewis, and Colonel Ostrander – liable for his injures because they allegedly failed to place cameras in the area in which Plaintiff was attacked despite their knowledge that this posed a risk to inmate safety.   Plaintiff further alleges that Sproul, Lewis, and Ostrander also failed to take other precautions to protect inmates from these specific officers even though the same officers had been involved in similar incidents on "numerous" prior occasions.

When construed liberally and in his favor, Plaintiff's allegations are sufficient to allow his §1983 claims against Sheriff Sproul, Major Lewis, Colonel Ostrander, Captain Haysleigh, Corporal Wilson and Officers Ford, Cody, Stone, Apperson, Christian and Bankston to go forward.   It is therefore **ORDERED** that service be made on these 11 Defendants and that they file an answer or such other response as may be appropriate. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Although Plaintiff also named "Lt. Montgerald" as a defendant in the caption of his Complaint, he only alleges that Lt. Montgerald failed to investigate the incident.   Even if this true, a prison official's failure to investigate an incident, without more, does not violate any

constitutional rights.   See Wright v. City of Ozark, 715 F.2d 1513, 1516 (11th Cir. 1983) (quoting

Bowers v. DeVito, 686 F.2d 616, 618 (7th Cir. 1982) ("The Constitution is a charter of negative

liberties; it tells the state to let people alone; it does not require the federal government or the state

to provide services, even so elementary a service as maintaining law and order."). See also, e.g.,

Johnson v. Hinsley, No. 2:09-CV-0180-RWS-SSC, 2010 WL 966651, *5 (N.D. GA. March 12,

2010) (finding that official's "post-accident failure to investigate" did not show a constitutional

violation).   It is thus **RECOMMENDED** that Plaintiff's claims against Lt. Montgerald in his

"individual capacity" be **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. §

1915A(b)(1), for failure to state a claim.

    To the extent that that Plaintiff has attempted to a state claim against Lt. Montgerald – or

any other named Defendant – in his "official capacity," it is **RECOMMENDED** that these claims

also be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A(b)(1).   A lawsuit

against county officials in their "official capacities" is no different from a suit against the county

itself.   Thus, "[w]hen suing local officials in their official capacities under §1983, the plaintiff has

the burden to show that a deprivation of constitutional rights occurred as a result of an official

government policy or custom."   Cooper v. Dillon, 403 F.3d 1208, 1221 (11th Cir. 2005).

Plaintiff's Complaint does not allege the existence of any official policy or custom responsible for

the alleged violation of his constitutional rights.

    The undersigned further finds that Plaintiff's pending "Motion for the Appointment of

Counsel" is premature.   Generally speaking, no right to counsel exists in civil rights actions.   See

Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1986); Hardwick v. Ault, 517 F.2d 295, 298 (5th

Cir. 1975).   It is a privilege that is justified only by exceptional circumstances.   Lopez v. Reyes,

692 F.2d 15, 17 (5th Cir. 1982). Counsel is appointed only when warranted by the complexity or

4

novelty of the issues raised in the case.   See Poole v. Lambert, 819 F.2d 1025 (11th Cir. 1987). At this early stage, Plaintiff's claims are neither complex nor novel.   The undersigned also cannot fully evaluate the need for counsel until after having an opportunity to review the responsive pleadings.   For these reasons, Plaintiff's Motion (Doc. 3) is **DENIED** as premature.   However, if the issues raised in Plaintiff's case later suggest that the appointment of counsel may be warranted, the undersigned will consider a renewed motion. See id.

Plaintiff may serve and file written objections to the undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order and Recommendation.   See 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall at all times keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of any change of address may result in the dismissal of pleadings filed herein.

## DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed.   This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is

represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

**DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with his custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37. See Fed. R. Civ. P. 37.

**IT IS HEREBY ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is

contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall <u>not</u> be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full.   In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.   **IT IS ORDERED AND**

**DIRECTED** that collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.   In addition, Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 18th day of October, 2013.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

jlr

8