# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| MANASSEH ROYDREGO SKINNER, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> SHERIFF KEVIN SPROUL, *et al.*, : <br> : <br> Defendant. : <br> : | Case No.: 1:13-CV-165 (WLS) |

## ORDER

Presently pending before the Court is an Order and Recommendation from United States Magistrate Judge Thomas Q. Langstaff filed October 18, 2013 (Doc. 6). Plaintiff has not filed an objection to the Recommendation. (*See generally* Docket.) Judge Langstaff recommends permitting the § 1983 claims against Defendants Sproul, Lewis, Ostrander, Haysleigh, Wilson, Ford, Cody, Stone, Apperson, Christian, and Bankston, in their individual capacities, to proceed. (Doc. 6 at 3.) Judge Langstaff recommends dismissing all other claims. (*Id.* at 4.)

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" against prisoners. *Ingraham v. Wright*, 430 U.S. 651, 670 (1977) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 327 (1986)). Viewing Plaintiff's allegations in the light most favorable to him, *see Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), the Court finds that Plaintiff has sufficiently asserted claims against Defendants Ford, Cody, Stone,

1

Apperson, Christian, and Bankston for violations of the Eighth Amendment. "Although officers are entitled to use some force to quiet an inmate who is making a disturbance," *see Detris v. Coats*, 523 F. App'x 612, 616 (11th Cir. 2013), Plaintiff has alleged sufficient facts to survive § 1915A review as to these claims.

Also, Plaintiff has properly asserted claims against Defendants Haysleigh and Wilson because "if a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." *Ensley v. Soper*, 142 F.3d 1402, 1407 (11th Cir. 1998) (citing *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986)). Because Plaintiff has alleged that previous incidents of violence against inmates has occurred, and cameras would have lessened the likelihood that he would have been beaten, the Court finds that he has alleged sufficient facts for supervisory liability against Defendants Sproul, Lewis, and Ostrander for the purposes of § 1915A review. *See Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("Supervisory liability occurs . . . when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation.")

The Court agrees that Plaintiff's claim against Defendant Montgerard should be dismissed for failure to state a claim. Failure to investigate, standing alone, is not actionable under § 1983. *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992). Also, the claims against all Defendants in their official capacities should be dismissed because, for the reasons stated by Judge Langstaff (Doc. 6 at 4), Plaintiff has failed to meet his burden to proceed with such suits. *See Cooper v. Dillon*, 403 F.3d 1208 (11th Cir. 2005).

Accordingly, United States Magistrate Judge Thomas Q. Langstaff's October 18, 2013 Order and Recommendation (Doc. 6) is **ACCEPTED, ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein. Thus, the claim against Defendant Montgerard is **DISMISSED WITHOUT PREJUDICE,** and the claims against all Defendants in their official capacities are **DISMISSED WITHOUT PREJUDICE.** The claims against Defendants Sproul, Lewis, Ostrander, Haysleigh, Wilson, Ford, Cody, Stone, Apperson, Christian, and Bankston may proceed.

**SO ORDERED**, this  19th  day of December, 2013.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**