IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| MANASSEH ROYDREGO SKINNER, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | CASE NO. 1:13-CV-165-WLS-MSH |
| | : | |
| KEVIN SPROUL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Presently pending before the Court are Defendants' motion for summary judgment (ECF No. 26) and motion to strike (ECF No. 48). Also pending are Plaintiff's motions to: compel discovery (ECF No. 20); enlarge discovery (ECF No. 32); file a supplemental complaint (ECF No. 33); and other miscellaneous motions.[1] For the reasons explained below, Defendants' motion for summary judgment should be granted and the other motions are denied.

## BACKGROUND

On October 16, 2013, Plaintiff filed his Complaint pursuant to 42 U.S.C. § 1983 claiming that several officers at Dougherty County Jail assaulted him. After preliminary review, the following claims against the following defendants in their individual capacities were allowed to proceed: use of excessive force in violation of the Eighth

---

[1] These include a motion to order Defendants to provide Plaintiff with stationery (ECF No. 16), a motion for physical access to the law library (ECF No. 17), and a motion to consolidate this case with another (ECF No. 46).

Amendment[2] against Defendants Officers Ford, Cody, Stone, Apperson, Christian, and Bankston; failure to intervene against Defendants Captain Manning and Corporal Wilson; and failure to protect against Defendants Sheriff Sproul, Colonel Ostrander, and Major Lewis. (Order & Recommendation 3, Oct. 18, 2013, ECF No. 6.) Plaintiff's claims against these defendants in their official capacities were dismissed. (*Id*. at 4.)

Specifically, Plaintiff claims that on June 30, 2013, Officer Stone called for assistance in the cell block sometime between 12:30 and 12:50 P.M. A number of officers arrived including Officers Ford, Cody, Apperson, Christian, and Bankston, and Captain Manning. Plaintiff alleges that he and another inmate were simply sitting in his cell and that Officer Stone had no reason to call for backup. Defendants contend that Plaintiff and the other inmate had been fighting and then ran up to the cell when Officer Stone called for backup. When the other officers arrived, Plaintiff alleges that Captain Manning ordered him to submit to restraints in order to take him to medical, which Plaintiff refused to do. Plaintiff contends that he was in no need of medical attention and was within his rights to refuse to go to medical.

In response to his refusal to submit, Plaintiff alleges that Officers Ford, Cody, Stone, Apperson, Christian, and Bankston then used force to take him down, twisting his previously-injured right hand, punching him in the body, pushing his face into the floor,

---

[2] "Claims involving the mistreatment of arrestees or pretrial detainees in custody are governed by the Fourteenth Amendment's Due Process Clause instead of the Eighth Amendment's Cruel and Unusual Punishment Clause, which applies to such claims by convicted prisoners. However, the applicable standard is the same, so decisional law involving prison inmates applies equally to cases involving arrestees or pretrial detainees." *Cottrell v. Caldwell*, 85 F.3d 1480, 1490 (11th Cir. 1996) (citations omitted).

and driving a knee into his back. At the same time, Plaintiff alleges that Captain Manning walked away while Plaintiff was screaming for attention to stop the beating. Plaintiff also claims that Corporal Wilson was the building supervisor at the time of the incident and failed to respond and control the officers under her control. Finally, Plaintiff alleges that Sheriff Sproul, Colonel Ostrander, and Major Lewis, as the people in charge of the jail and its security, have failed to protect him by not providing the dormitory in which the incident took place with security cameras. Plaintiff contends that these officers were involved in similar incidents on prior occasions and that these three Defendants knew of the danger and failed to take precautions.

Defendants filed a motion for summary judgment (ECF No. 26) on April 23, 2013. Plaintiff responded to the motion on May 20, 2013. (ECF No. 43.) This motion is now ripe for review. Also ripe are a number of discovery motions filed by both parties and other miscellaneous motions filed by Plaintiff. These are discussed in turn.

## DISCUSSION

### I. Motion for Summary Judgment

Defendants contend that summary judgment should be granted in this case for multiple reasons. Defendants contend, *inter alia*, that they are entitled to qualified immunity as to the claims of excessive force. Furthermore, Defendants argue that Plaintiff has not established sufficient facts to prove the claims of failure to intervene and failure to protect. For the reasons explained below, Defendants' motion should be granted because Defendants are entitled to qualified immunity, and Defendants are

3

entitled to judgment as a matter of law on the remaining claims because Plaintiff has not established sufficient facts for a reasonable jury to find in his favor.

A.   Standard of Review

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

B.   Qualified Immunity

Defendants Officers Ford, Cody, Stone, Apperson, Christian, and Bankston contend that summary judgment should be granted to them in their individual capacities because they are entitled to qualified immunity.  "Qualified immunity protects government officials performing discretionary duties from suits in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Anderson v. City of Naples*, 501 F. App'x 910, 915-16 (11th Cir. 2012) (internal quotation marks and citation omitted). "The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harrassive litigation, protecting from suit

all but the plainly incompetent or one who is knowingly violating federal law." *McCullough v. Antolini*, 559 F.3d 1201, 1205 (11th Cir. 2009) (internal quotation marks and citation omitted).

"In order to receive qualified immunity, an official must first establish that he was acting within the scope of his discretionary authority when the alleged wrongful acts occurred." *Id.* Once the defendant shows that he was acting within his discretionary authority, the burden then shifts to the plaintiff to establish that qualified immunity does not apply. *Cottone v. Jenne*, 326 F.3d 1352, 1358 (11th Cir. 2004). In this case, it is undisputed that Defendants Officers Ford, Cody, Stone, Apperson, Christian, and Bankston were acting within the scope of their discretionary authority as sheriff's officers by administering the jail when the events in question took place. *See* O.C.G.A. § 42-4-4 (discussing duties of sheriff). Because that determination is made, the burden now shifts to Plaintiff to show that the Defendants are not entitled to qualified immunity.

"To overcome an official's claim of qualified immunity, the plaintiff must show that: (1) the official violated a constitutional right; and (2) that right was clearly established at the time of the alleged violation." *Anderson*, 501 F. App'x at 916 (citation omitted).[3] Whether an Eighth Amendment constitutional violation occurred "ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline[,] or [whether force was applied] maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992) (internal quotation

---

[3] Courts should use their discretion in determining which prong of the qualified immunity inquiry to address first. *McCullough*, 559 F.3d at 1205.

5

marks and citation omitted).  Therefore, the facts in evidence must be sufficient for a reasonable jury to find that the Defendants acted with a purpose to cause harm or were making a good faith effort to maintain order in the jail.

In order to determine if force was used "maliciously and sadistically to cause harm," the Court looks to: "(1) the extent of injury; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) any efforts made to temper the severity of a forceful response; (5) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of facts known to them." *Campbell v. Sikes*, 169 F.3d 1353, 1375 (11th Cir. 1999) (internal quotation marks and citation omitted).  Additionally, Plaintiff must show that "a requisite amount of force was used against him." *Smith v. Vavoulis*, 373 F. App'x 965, 966 (11th Cir. 2010).  In other words, the use of force must be more than *de minimis. Id.*

Here, Plaintiff contends that the actions of Defendants amounted to excessive force in violation of his Eighth Amendment rights.  Specifically, Plaintiff alleges that Defendant Officers Ford, Cody, Stone, Apperson, Christian, and Bankston "attacked [him] with evil intent to hurt [him]."  (Compl. 6.)  He claims "Officer Ford unlawfully . . . grabbed [him] from behind[,] telling the other officers [']lets take him down[']."  (*Id.*)  The other officers then allegedly twisted his injured right hand, grabbed him by the hair, punched him, slammed his head into the floor, jammed a knee into his back, choked him, and smushed his face into the concrete floor.  (*Id*. at 6-7.)  These actions allegedly left Plaintiff with "back pain, pain in injured right hand, headaches that are severe, dizziness along with suffering mentally and emotionally."  (*Id*. at 7.)

Plaintiff supports his version of the events with his own sworn declaration, which simply reasserts the contentions in his complaint. (Pl.'s Decl. 1-3, ECF No. 43-3.) Plaintiff also filed a number of affidavits sworn by multiple other inmates who were present on the cell block at the time of the incident.[4] These affidavits simply restate Plaintiff's version of the events using different wording and make conclusory allegations regarding the state of mind of the Defendants. Although they will not be struck from the record, the Court accords them weight only to the extent that they assert factual allegations rather than conclusions.

In response to these allegations, Defendants have provided affidavits from each of the named officers which collectively tell an alternate story of the incident. According to Defendants, Officer Stone witnessed Plaintiff and another inmate fighting. (Aff. of Gregory Stone at ¶¶ 3-4, ECF No. 31.) Officer Stone called for backup and a number of officers arrived to find Plaintiff and the other inmate in Plaintiff's cell. Captain Manning told Plaintiff to submit to restraints. (Stone Aff. at ¶¶ 9-10; Aff. of Angie Manning at ¶¶ 12-13, ECF No. 26-8.) Plaintiff refused to submit and began resisting and arguing. (Manning Aff. at ¶ 13; Stone Aff. at ¶ 10.) Peaceful attempts were made to restrain Plaintiff and he would not comply. (Manning Aff. at ¶¶ 14-15; Aff. of Benjamin Ford at

---

[4] Defendants have filed a motion to strike these affidavits and Plaintiff's declaration arguing that they are unreliable and filled with conclusory allegations rather than facts. (ECF No. 48.) Defendants allege that the statements are clearly unsworn and or forged and should be struck from the record. (*Id.* at 5-9.) The Court disagrees with Defendants characterization that the documents are clear forgeries. It is not implausible that Plaintiff was actually able to collect these witness statements, as he argues in his brief opposing the motion, before the Defendants furnished him with a list of inmates. Furthermore, although the Court agrees that the affidavits contain a significant amount of conclusory allegations, it can differentiate the conclusory allegations from the facts contained in the documents. Fed. R. Civ. P. 56(e). Therefore, Defendants motion to strike is denied.

¶¶ 7-10, ECF No. 26-6; Aff. of William Cody at ¶¶ 6-7, ECF No. 26-5.)

When it was clear that Plaintiff could not be restrained peacefully, Officer Cody, Officer Apperson, and Deputy Smith took Plaintiff to the ground. (Manning Aff. at ¶ 17.)  Each of the Defendant Officers state that they never struck, hit, punched, kicked, or choked Plaintiff, and they also deny slamming his head into the ground, twisting his arm, pushing his face into the floor, or putting a knee into his back with the intent of causing him any pain.  (Aff. of Tanner Apperson at ¶ 13, ECF No. 26-3; Aff. of Arthemus Christian at ¶ 8, ECF No. 26-4; Cody Aff. at ¶ 10; Ford Aff. at ¶ 14; Stone Aff. at ¶ 13; Aff. of Joe Bankston at ¶ 9, ECF No. 28.)  After Plaintiff was restrained he was taken to the medical unit where he complained of pain in his right hand, neck, head, and left side of his face.  (Aff. of Lance Montgerard Ex. B at 33, ECF No. 26-9.)  The medical staff member who saw Plaintiff immediately following the incident found "no redness or swelling noted to areas patient complained of . . . no acute distress noted." (*Id.*)

Although in reviewing a motion for summary judgment the Court takes the evidence in the light most favorable to the non-moving party, the non-moving party may not merely rest on his allegations when evidence is presented that firmly rebuts those allegations. "The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion [] and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1292 (11th Cir. 2012) (internal quotation marks and citations omitted) (alterations in original). "The burden

then shifts to the non-moving party to rebut that showing by producing affidavits or other relevant and admissible evidence beyond the pleadings." *Id.* (internal quotation marks and citations omitted). "The nonmoving party does not satisfy its burden if the rebuttal evidence is merely colorable, or is not significantly probative of a disputed fact." *Id.* (internal quotation marks and citations omitted).

The evidence in this case shows that no constitutional violation has occurred and Defendants are entitled to qualified immunity as to the excessive force claims. Defendants used force against Plaintiff, but only such force as was necessary to maintain order at the jail. Plaintiff admits that he refused to follow Captain Manning's order to submit to restraints. (Pl.'s Resp. to Def.'s Statement of Material Facts Not in Dispute at ¶¶ 26, 30, 32; ECF No. 43-1.) Furthermore, Plaintiff plead guilty to the disciplinary ticket charging him with lying to a staff member, disrupting recreation and visitation, failure to comply with a lawful order, and interfering with a staff member's duties. (Mongerard Aff. Ex C at 2.)

Plaintiff's only evidence comes from his own statements regarding how the incident occurred, and even these statements admit that he was noncompliant with the officers' orders. (*See* Pl.'s Resp. to Mot. for Summ. J. 3, ECF No. 43-2.) None of Plaintiff's filed affidavits contain any supporting facts to corroborate his version of the events. Each affidavit merely corroborates the fact that officers did in fact use some level of force to take Plaintiff to the ground, but the suppositions of the affiants regarding the officers' mental state to "do harm" or that Plaintiff posed "no threat" to the officers are merely conclusions rather than facts based on personal knowledge. Such evidence is

inadmissible and cannot be used to support or oppose a motion for summary judgment. *See Gore v. GTE South, Inc.*, 917 F. Supp. 1564, 1570-71 (M.D. Ala. 1996.)

The evidence further shows a lack of a malicious or sadistic intent on the part of the Defendant Officers. *See Hudson*, 503 U.S. at 6 (1992). Plaintiff's only evidence regarding the state of mind of the Defendant Officers comes from his own self-serving statements. Each Officer has filed a sworn statement that he never acted with any intent to cause harm or pain and that he harbors no ill will toward Plaintiff. Plaintiff has failed to put forth sufficient evidence to rebut the Defendants' claim of qualified immunity as to the claims of use of excessive force. Since no constitutional violation occurred, Defendants are entitled to qualified immunity. *See Anderson*, 501 F. App'x at 916. Defendants' motion for summary judgment should therefore be granted.

C.   Failure to Intervene

Defendants Captain Manning and Corporal Wilson argue that they are likewise entitled to summary judgment on Plaintiff's claims against them for failure to intervene to stop the other Defendant Officers from perpetrating the assault upon him. As determined above, Plaintiff has failed to show that the Defendant Officers engaged in any misconduct. Because no excessive force is found, it cannot be said that Captain Manning or Corporal Wilson violated the constitution by their failure to protect Plaintiff from excessive force that did not occur. Defendants' motion for summary judgment should therefore be granted as to these claims as well.

D.   Failure to Protect

Finally, Defendants Sheriff Sproul, Major Lewis, and Colonel Ostrander argue

that Plaintiff has failed to prove that they are liable for failure to protect him from harm. Such a claim requires a showing that the prison official acted with deliberate indifference to the inmate's needs, which requires that the official had subjective knowledge of a risk of serious harm to the plaintiff and disregarded that risk. *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005). Even when a Plaintiff can show that the official <u>should have</u> perceived a risk to the inmate, and did nothing, this conduct is insufficient to rise to the level of a constitutional violation. *Goodman v. Kimbrough*, 718 F.3d 1325, 1334 (2013).

In the present case, Plaintiff has failed to show that these Defendants had any knowledge of a danger of excessive force being used against inmates in Plaintiff's housing unit. In fact, Defendants have no knowledge of any meritorious claims of excessive force used against an inmate in maximum security in at least the past ten years. (Aff. of John Ostrander at ¶ 6, ECF No. 30; Aff. of Kevin Sproul at ¶ 6, ECF No. 34.) Plaintiff has no evidence to support his contentions other than his self-serving declaration. This does not give rise to a genuine dispute of a material fact, and Defendants' motion for summary judgment should be granted as to these claims as well.

**II.    Discovery Motions**

Plaintiff also filed motions to file a supplemental complaint (ECF No. 33), compel discovery (ECF No. 20), and enlarge discovery (ECF No. 32).

First, Plaintiff's motion to file a supplemental complaint is denied. The claims Plaintiff seeks to add to his complaint stem from alleged retaliation for his filing the instant lawsuit. The Court has discretion regarding when to allow a Plaintiff to file a

11

supplement to his complaint. Fed. R. Civ. P. 15(d). This claim is an entirely separate claim from those presented in Plaintiff's original complaint. The Court finds that allowing Plaintiff to supplement his complaint at this late stage would unduly prejudice the Defendants given that Plaintiff's motion was filed after Defendants' motion for summary judgment, and the addition of a new claim would effectively require a completely new round of discovery and motions practice. Plaintiff's motion is therefore denied. If Plaintiff wishes to pursue these claims he must do so in a separate suit.

Next, Plaintiff moves the Court to compel Defendants to produce responses to certain interrogatories. Defendants respond to Plaintiff's motion and show that they have responded to Plaintiff's interrogatories, albeit with certain objections to some of Plaintiff's questions. The fact that Plaintiff disagrees with the content of some of Defendant's responses is not a ground for relief from a motion to compel. *See, e.g., Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992) ("The fact that a party may disbelieve or disagree with a response to a discovery request, however, is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect."); *Rong Ran v. Infinite Energy, Inc.*, No. 1:07-cv-249-MMP-AK, 2010 WL 148240, at * 1 (N.D. Fla. Jan. 12, 2010) ("Defendants have responded to Plaintiff's [discovery] requests, and the fact that Plaintiff disagrees with Defendants' responses does not provide a basis for this Court to order any relief.") Furthermore, a responding party has the right to object to an interrogatory so long as the objection is stated with specificity. *See* Fed. R. Civ. P. 33(b)(4). Consequently, Plaintiff's motion to compel (ECF No. 20) interrogatory responses is denied, as is his

request for expenses.

Finally, Plaintiff asks the Court to enlarge discovery. As Defendants point out, however, Plaintiff's motion was filed over a month after discovery closed. Furthermore, the Order filed in this case (ECF No. 6) which dictated the length and terms of discovery specifically noted that an extension would only be given "upon a showing of good cause therefor." (*Id*. at 6.) Plaintiff has failed to show good cause for extending discovery in this case, and therefore his motion is denied.

### III.   Miscellaneous Motions

Also pending are three miscellaneous motions filed by Plaintiff, including a motion to order Defendants to provide Plaintiff with stationery (ECF No. 16), a motion for physical access to the law library (ECF No. 17), and a motion to consolidate this case with another (ECF No. 46). Each of these motions is denied.

As for Plaintiff's request for stationery, it is clear that Plaintiff has had sufficient paper and writing utensils to adequately prosecute this case. Plaintiff's filings have been numerous and do not show a need for such an order. This motion is denied.

Similarly, Plaintiff's request for access to the law library is denied. Prisoners have no "abstract, freestanding right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Furthermore, Plaintiff's filings show that he is capable of accessing sufficient legal materials to adequately respond to Defendants' motions and argue his case.

Finally, Plaintiff's motion to consolidate his case with that of another inmate based on the similarity between the circumstances of the incidents giving rise to both

cases is denied. The court may consolidate cases involving a "common question of law or fact" under Rule 42(a)(2) of the Federal Rules of Civil Procedure. However, the fact that some of the defendants are the same and that the claims are similar does not mean they involve a common question of law or fact. The two cases deal with separate allegations of use of excessive force against only three common defendants. Each case has a different set of fact and parties and consolidation would only serve to add confusion to the proceedings with little to no benefit. This motion is denied.

## CONCLUSION

For the reasons explained above, Defendants' motion for summary judgment (ECF No. 26) should be granted. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation. Furthermore, Defendants' motion to strike (ECF No. 48), and Plaintiff's pending motions (ECF Nos. 16, 17, 20, 32, 33 & 46) are all denied.

SO RECOMMENDED, this 31st day of July, 2014.

/s/ STEPHEN HYLES
UNTED STATES MAGISTRATE JUDGE