IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MANASSEH ROYDREGO SKINNER, :
:
    Plaintiff, :
: CASE NO.: 1:13-CV-165 (WLS)
v. :
:
KEVIN SPROUL, *et al.* :
:
    Defendants. :
:

## **ORDER**

    Presently pending before the Court is a Recommendation from United States Magistrate Judge Stephen Hyles filed July 31, 2014. (Doc. 56.) Therein, Judge Hyles recommends granting Defendants' Motion for Summary Judgment. (*See id.*) Judge Hyles' Recommendation provided Plaintiff Manasseh Roydrego Skinner with fourteen days to file an objection. (*Id.* at 14.) Skinner has not filed an objection. (*See generally* Docket.)

    Skinner's Eighth Amendment claims are based on events that took place on June 30, 2013, at the Dougherty County Jail Facility. (Doc. 1 at 6.) Skinner and several inmates recount a story whereby several jail officials used force on Skinner and caused bodily injuries to him. (*See* Doc. 43-5.) None of those individuals stated why the officers used force on Skinner. (*See id.*) The officers involved, however, explain that force was used because Skinner had been fighting with another inmate and resisted arrest when jail officials tried to subdue him. (*See* Docs. 26-2—26-10.) Indeed, Skinner admitted to resisting arrest and fighting on the day of the events giving rise to this suit. (Doc. 26-9 at 3 & 46.)

    The constitutionality of prison guards' use of force rests on "whether force was applied in good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)). "To establish a claim for excessive force, the plaintiff must show that (1) the defendants acted with a malicious and sadistic

1

purpose to inflict harm and (2) that more than a *de minimis* injury resulted." *McReynolds v. Ala. Dept. of Youth Servs.*, 204 F. App'x. 819, 822 (11th Cir. 2006).

In determining whether malicious or sadistic intent existed, courts consider a variety of factors, including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted upon the prisoner; (4) the extent of the threat to the safety of staff and inmates; and (5) any efforts made to temper the severity of a forceful response. *Skritch v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). A wide range of deference is afforded to officers' choices to use force in maintaining security, but it is well established that "officers cannot continue the use of force once the threat has passed or the prisoner is subdued." *Id.* at 1303; *Campbell v. Sikes*, 169 F.3d 1353, 1374 (11th Cir.1999).

The Court agrees with Judge Hyles' finding that no constitutional violation is presented by the facts of this case. As noted above, Skinner admitted that he resisted arrest and fought with another inmate. The restraint tactics used by the prison officials were in response to Skinner's fighting and resistance of arrest, and there is no evidence to suggest that any additional force was used against Skinner once he was restrained. Further, there is no evidence to suggest that the officers' actions were motivated by anything other than the need to control the actions and behavior of inmates in the jail. Accordingly, the Court finds that the evidence, when construed in a light most favorable to Skinner as the nonmovant, clearly shows that no constitutional violation occurred. As such, the Court finds that all Defendants are entitled to qualified immunity.

Defendants are entitled to judgment as a matter of law as to Skinner's failure to intervene claims because, for the reasons stated above, no constitutional violation occurred that would have necessitated intervention. Also, Defendants are entitled to judgment as a matter of law as to Skinner's failure to protect claims because no evidence in the record supports a finding that any Defendant had knowledge of any excessive force claims that occurred within the past ten years. As such, there is no evidence that any Defendant had subjective knowledge of a risk of serious harm to Skinner but nonetheless disregarded that risk. *See Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir. 2004).

Upon full review and consideration of the record, the Court finds that Judge Hyles' Recommendation (Doc. 56) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the reasons stated and conclusions reached herein.  Accordingly, Defendants' Motion for Summary Judgment (Doc. 26) is **GRANTED.**  It is hereby **ORDERED AND ADJUDGED** that Skinner shall take nothing by his Complaint (Doc. 1) and judgment shall enter in Defendants' favor.

**SO ORDERED**, this  30th   day of October 2014.

/s/ W. Louis Sands
**W. LOUIS SANDS, JUDGE**
**UNITED STATES DISTRICT COURT**

3